IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| | ) | No. 3:98-00038 |
| v. | ) | |
| | ) | |
| | ) | Judge Nixon |
| | ) | |
| DONNELL YOUNG. | ) | |

## MEMORANDUM ORDER

Pending before the Court is Defendant's Motion in Limine (Doc. No. 2053), the Government's Response and Reciprocal Motion (Doc. No. 2077) and the Defendant's Reply (Doc. No. 2144). Together, the Defendant and the Government made thirty-two requests to exclude evidence. The Court will discuss each issue in turn.

### 1. Evidentiary Matters

*(a),(b)*

Defendant Young requests that the Court prohibit reference to gang or drug activity in this District or elsewhere other than the purported gang activity of the "Rolling 90's" as described in the Fifth Superceding Indictment ("Indictment"). The Government agrees and further requests that neither party make broad statements regarding gang or drug activity. The Court **HOLDS** that neither party may refer to gang or drug selling activities in this District or any other place not specifically relevant to this case.

*(c)*

Defendant Young requests that the Court prohibit reference to the Defendant or persons involved in the criminal activities set forth in the Indictment as "terrorists," "urban terrorists," or similar appellations. The Government agrees. The Court **HOLDS** that the Government is barred from using such language.

*(d)*

The Defendant requests that the Court prohibit reference to an incident involving the mutilation of a dog unless it can be reliably and clearly linked to the Defendant. The Government claims to have clear reliable proof that this incident is linked to the Defendant and to the charges, and intends to introduce such evidence. The Court **RESERVES** ruling on this matter until after the evidentiary hearing that is to be held prior to trial.

*(e)*

The Defendant requests that the Court prohibit references to the Defendant's involvement in any crime or act of violence not expressly set forth in the Indictment including, but not limited to, uncharged "beatings or tortures" or murders. The Government argues that not only is evidence of violent acts committed as part of offenses listed in the Indictment admissible at trial, but the Government is not even required to list specific violent acts it wishes to introduce. Additionally, the wording of the Indictment itself indicates that it is not an exclusive list of all the violent acts the Government may introduce. The Court **RESERVES** ruling on this issue until after the evidentiary hearing to be held before trial.

*(f)*

The Defendant requests that the Court prohibit expressions of opinion by a witness as to

2

the "dangerousness" or other similar characteristics of the Defendant. The Government states it will not introduce such evidence unless the Defendant claims that he is not dangerous. Additionally, the Government argues that dangerousness evidence should be admissible to establish the cooperating witnesses' fear of the Defendant in order to counterbalance the Defendant's claims that plea agreements and favorable treatment distracts from the witnesses' credibility. In support, the Government cites <u>United States v. Segines</u>, 17 F.3d 847, 856 (6th Cir. 1994), where the defendant stated that the witness "was selling his testimony to the government," because the Government had relocated and supported the witness. There the government was allowed to rebut with evidence of dangerousness to establish the witnesses fear of the defendant. Defendant Young will likely raise the fact that cooperating witnesses received plea agreements from the Government, but not that the Government is financially supporting them. Accordingly the Court finds that demonstration of a witnesses fear of the Defendant is not proper rebuttal of witnesses plea agreements as evidence of bias. Thus the Court **HOLDS** evidence of dangerousness is not allowed for this purpose. The Court also **HOLDS** that the Government may, however, use dangerousness evidence that is specifically relevant to establish crimes in the Indictment and Notice of Intent, or if the Defendant opens the door by claiming that he is not dangerous.

*(g)*

The Defendant requests that the Court prevent the Government from referencing Defendant's criminal history, including arrests not resulting in conviction. The Government objects and seeks to have two arrests admitted as evidence. The first is an arrest for possession of a firearm and false identification on March 13, 1997, which the Government seeks to admit in

3

order to corroborate witness testimony that the Defendant traveled to Oklahoma City after a particular meeting. Additionally, the Defendant's possession of a firearm and false identification is direct evidence of the means of the conspiracy charged in the Indictment. The second arrest occurred on June 5, 1997 at a residence used as a drug house. The Government wishes to introduce this evidence for the sole purpose of tying the Defendant to the drug conspiracy.

The Court will allow evidence of the March 13 arrest in order to corroborate the witness testimony, and for the purpose of showing that the Defendant was in possession of a firearm and false identification card when arrested. The Court will also allow the Government to introduce the June 5 arrest in order to tie the Defendant to the conspiracy. The Court **HOLDS** that these two prior arrests are admissible for these purposes.

*(h)*

The Defendant requests that the Court prohibit reference to any disciplinary actions at CCA Mason unless they resulted in a true finding at the time of the incident and are specifically found reliable by the Court at the anticipated evidentiary hearing. The Court is in receipt of prison records regarding the Defendant's possession of a stabbing instrument, and his threatening a guard at CCA Mason and finds them reliable and admissible. However as Defendant claims he was found innocent of several charges in the write-ups, the Court **RESERVES** ruling on this issue until after the evidentiary hearing.

**Other Matters**

*2. Opening Statement–Argument*

The Defendant requests that the Government be prohibited from arguing the case during

4

opening statement. The Government agrees and requests that both parties should be so limited. The Court **HOLDS** that both parties must adhere to the legal limits regarding arguments in opening statements.

### 3. *Opening Statement–Content*

The Defendant requests that the Government be prohibited from utilizing its opening statement to prejudice the jury with respect to the Defendant's credibility. The Government agrees. The Court **HOLDS** that the Government may not comment on the accused's credibility in its opening statement.

### 4. *Opening Statement–Comments on Defense*

The Defendant requests that the Government be prohibited from anticipating any defenses during its opening statement. The Government contends it will be offering evidence to refute these defenses, and it is allowed to cover anything in its opening statement it intends to produce as evidence. The Court **HOLDS** that the Government may not discuss possible defenses in its opening statement even if defenses have been mentioned in voir dire, because the statements made by the Government may be prejudicial if the Defendant does not actually raise such a defense.

### 5. *Comments on the Grand Jury*

The Defendant requests that the Court prohibit suggestions that the Defendant is guilty merely because he has been indicted. The Government agrees. The Court **HOLDS** that the

5

Government is barred from making such comments.

### 6. *Deterrence*

The Defendant has requested that the Court prohibit arguments based upon deterrence. "Deterrence is a valid consideration of a sentencing jury in a capital case." Brooks v. Kemp, 762 F.2d 1383, 1412-13 (11th Cir. 1985). The Court **HOLDS** that the Government is allowed to mention the deterrent effect of punishment.

### 7. *Vouching*

The Defendant has requested that the Government be prohibited from vouching for any witness' credibility or veracity. The Government agrees and requests that the Defendant also be limited. The Court **HOLDS** that neither party may express its personal opinion as to the credibility of witnesses.

### 8. *Caldwell*

The Defendant requests that the Court prohibit arguments that diminish the jury's responsibility for imposing the death penalty. The Government agrees. The Court **HOLDS** that the Government is barred from making such arguments.

### 9. *Accused's Silence as a Lack of Remorse*

The Defendant requests that unless there is specific evidentiary basis, the Court prohibit arguments that the Defendant shows no regret or remorse. The Government points out that lack

6

of remorse is a non-statutory aggravating factor listed in the Notice of Intent to Seek the Death Penalty. The Government intends to present evidence of Defendant's boasting about the killing. "There is no constitutional ban on the use of lack of remorse as an aggravating factor." <u>United States v. Roman</u>, 371 F. Supp.2d 36, 50 (D.P.R. 2005). However, the Court has a right to examine and strike the aggravating factor entirely if the evidence is insufficient. <u>Id.</u> Thus, the Court **RESERVES** ruling on this until after the evidentiary hearing which will determine if the Government has enough evidence to support inclusion of the aggravating factor of lack of remorse. The Government also intends to provide evidence of lack of remorse to rebut any claims of remorse by the Defendant. The Court **HOLDS** that the Government may not make any statements regarding the Defendant's lack of testimony, whether it be to establish lack of remorse or otherwise.

### *10. Accused's Failure to Call Witnesses*

The Defendant requests that the Court prohibit comments regarding the failure of the Defendant to call a witness. The Government agrees. The Court **HOLDS** that the Government may not comment on the failure of the Defendant to call a witness.

### *11. Drug Problem*

The Defendant requests that the Court prohibit arguments that there is a "drug problem" in this District. The Government has agreed. The Court **HOLDS** that the Government may not make such arguments.

### 12. Burden of Proof

The Defendant requests that the Court prohibit arguments that the Defendant failed to prove himself innocent. The Government agrees. The Court **HOLDS** that the Government is barred from making any comments regarding the Defendant's failure to prove himself innocent.

### 13, 14, 15. Personal Opinion–Accused's Testimony, Witness Testimony, Punishment

The Defendant requests that the Government be prohibited from giving personal opinions as to the reliability or credibility of the testimony of the Defendant or a witness, or the punishment for the Defendant. The Government agrees and requests the Defendant also be barred. The Court **HOLDS** that neither party may express such personal opinions.

### 16. Inflaming the Jury

The Defendant requests that the Government be prohibited from engaging in any argument designed to inflame the passion of the jury. The Government agrees and requests that Defendant also be prohibited from making inflammatory arguments. The Court **HOLDS** that neither party may make arguments designed to inflame the jury.

### 17. Characterizing the Accused

The Defendant requests that the Court prohibit reference to the Defendant as an "animal" or similar term. The Government agrees, and it requests the Defendant be barred from using pejorative terms regarding Government witnesses. The Court **HOLDS** that neither party may use pejorative terminology.

The Defendant also requests that the Court prohibit characterizations of the actions of the Defendant. The Government states that this requests is vague. The Court agrees with the Government and **HOLDS** that this request is vague, and invites the Defendant to make more specific requests if he so desires.

The Defendant requests that the Court prohibit arguments that jurors should kill all members of the criminal element as enemies of society. The Government neglected to respond to this request, however, the Court finds that the "war on crime" and analogizing jurors to soldiers would be improper. Brooks, 762 F.2d at 1412-13. Therefore, the Court **HOLDS** that the Government is prohibited from making any reference to the need to kill all criminals in order to win a "war on crime."

### 18. *Law and Order*

The Defendant requests that the Court prohibit arguments that unless the Defendant is convicted, it will be impossible to maintain "law and order" in the jurors' community. The Government agrees. The Court **HOLDS** that the Government may not make such arguments.

### 19. *Safe Streets/Civic Duty*

The Defendant requests that the Court prohibit arguments about safety in the streets generally or inferring that jurors might be the victims of street crimes; arguments urging jurors to show criminals that they "can't get away with it"; arguments predicting lawlessness in the community if there is an acquittal or light sentence. The Government has agrees. The Court **HOLDS** that the Government may not make such arguments.

9

The Defendant further requests that the Government be prohibited from urging jurors to do their "civic duty." The Government responds that jury service is a civic duty and it should be allowed to say so as the Court itself has informed prospective jurors of this fact throughout voir dire. The Court **HOLDS** that reference to jury service as a civic duty is allowed, if relevant, whereas asking the jury to do their duty in fighting crime in order to inflame the jury is prohibited.

The Defendant also requests that the Court prohibit arguments that the jury should do its "job" in convicting Defendant or returning a verdict of death. The Government agrees and suggests that both parties be barred from telling the jury to do its job. The Court **HOLDS** that neither party can tell the jury what its "job" is.

### 20. *Appeals to Patriotism*

The Defendant has requested that the Government be prohibited from appealing to the patriotism of the jurors. The Government agrees and requests that neither party be allowed to make such arguments. The Court finds that jury service is a patriotic duty. Thus, the Court **HOLDS** that neither party may appeal to the patriotism of the jurors apart from statements about jury service being a patriotic duty.

### 21. *Juror's Fear*

The Defendant requests that the Court prohibit questioning jurors if they were afraid for themselves or their loved ones because of the "criminal element" or arguing that the jurors need

to kill or lock up the Defendant for a long time in order to protect themselves from him. The Government agrees and requests that neither party be allowed to play on the fears or passions of the jury. The Government also requests that it be allowed to refer to society's general interest in the death penalty. The Court **HOLDS** that the Government is allowed to refer to society's general interest in the death penalty, but is barred from instigating the jurors' fear.

### 22. *Appeals to Jurors as Parents*

The Defendant requests that the Government be prohibited from making any appeal to the jurors as parents of children. The Government agrees and requests that neither party be allowed to appeal to the jurors as parents. The Court **HOLDS** that neither party may appeal to the jurors as parents.

### 23. *Monetary Argument*

The Defendant requests that the Government be prohibited from arguing the cost of incarceration for life. The Government agrees and requests that neither party be allowed to make such arguments. The Court **HOLDS** that neither party may make monetary arguments relating to the death penalty or incarceration for life.

### 24. *Arguing Outside the Record*

The Defendant requests that the Government not be allowed to make arguments based on evidence not appearing in the record. The Government has agreed and requests that neither party

11

be allowed to do this. The Court **HOLDS** that neither party may make arguments based on evidence outside the record.

### 25. *Same Justice as Victim*

The Defendant requests that the Court prohibit arguments that the Defendant should be given the same justice that he gave the victim in this case. The Government agrees and requests that the Defendant not argue that the Government would have tried to kill the victim if the victim were alive. The Court **HOLDS** that neither party may make such arguments.

### 26. *Prosecutorial Expertise*

The Defendant requests that the Court prohibit arguments regarding expertise in selecting the case for prosecution, i.e., that this particular case is the most deserving, the most atrocious, or the best suited for capital punishment, or give its assessment of the case compared to any other. The Government agrees and requests that both parties be barred from making such arguments. The Government, however, does wish to reserve the right to argue in support of the Defendant's conviction or worthiness for death. Given the nature of these proceedings, it is inevitable that the Government will argue in support of the Defendant's worthiness for death. The Court **HOLDS** that neither party may make arguments based on their experience, but that the Government may make other relevant arguments in support of the Defendant's worthiness for death.

### 27. *Number of Death Penalties Sought.*

The Defendant requests that the Court prohibit informing the jury in any way the number

of death penalties sought in any jurisdiction. The Government agrees. The Court **HOLDS** that the Government may not refer to the number of death penalties sought.

### 28. References to "Victim"

The Defendant requests that the Court prohibit identification or reference to the deceased or anyone else injured allegedly as a result of action by the Defendant as a "victim" except in those portions of the trial reserved for legitimate argument by the state. The Government objects to this request and states that it intends to use the term victim. The Court **HOLDS** that the Government may use the term victim when referring to the deceased throughout the trial.

### 29. Religious Arguments and/or Biblical References

The Defendant requests that the Government be prohibited from reading or quoting from the Bible. The Government agrees and requests that neither party be allowed to make religious arguments. The Court **HOLDS** that neither party may make religious arguments.

### 30. Non-Statutory Aggravation

The Defendant requests that the Government be prohibited from arguing anything to the jury regarding aggravating factors in its case in chief at sentencing other than the specifically enumerated statutory and non-statutory aggravating factors for which specific notice has been given. The Government agrees. The Court **HOLDS** that the Government may only argue aggravators for which it gave notice.

The Defendant further requests that unless there is specific evidentiary basis, the Court

13

prohibit arguments that the Defendant lacked remorse. This issue repeats the Defendant's argument in Part 9. See discussion supra, p. 7.

### 31. Non-Statutory Mitigation

The Defendant requests that the Court prohibit arguments that diminish the jury's responsibility to consider all mitigation. The Government agrees. The Court **HOLDS** that the Government is barred from making such arguments.

### 32. No Sympathy

The Defendant requests that the Court prohibit arguments which limit the jury's consideration of sympathy for the Defendant based on the evidence presented. The Government agrees and requests that the Defendant also not argue that the jury should feel merciful to the Defendant and instead base its verdict and sentence on the facts and law and not emotional considerations. "[Defendant] is not prohibited from urging the jury to be merciful in its deliberations and in its consideration of asserted mitigating factors." United States v. Allen, 247 F.3d 741, 782 (8th Cir. 2001). Consequently, the Court **HOLDS** that arguments for sympathy or mercy by the Defendant are allowed.

It is so ORDERED.

Entered this the 27th day of January, 2006.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

14

Case 3:98-cr-00038  Document 2165  Filed 01/27/06  Page 14 of 14 PageID #: 1363