# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:98-cr-00038 CHIEF JUDGE CRENSHAW |
| DONNELL YOUNG | ) ) ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court are the Defendant's Motion To Reduce Sentence (Doc. No. 4111), Motion To Dismiss Indictment (Doc. No. 4162), and Application To Have Documents Previously Filed And/Or Maintained Under Seal And In Camera Unsealed (Doc. No. 4163). The Government has filed responses to the Motions (Doc. Nos. 4166, 4167).

Through the Motion To Reduce Sentence (Doc. No. 4111), the Defendant seeks a reduction in his sentence presumably based on Amendment 782 to the United States Sentencing Guidelines, as well as 18 U.S.C. § 3582(c)(2). Amendment 782, which went into effect on November 1, 2014, reduces by two the offense levels assigned in the Drug Quantity Table, U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses. The Amendment was given retroactive effect. Id.; U.S.S.G. § 1B1.10(d), (e).

A sentence of imprisonment is a final judgment and may be modified by a district court only in limited circumstances. Dillon v. United States, 560 U.S. 817, 130 S.Ct. 2683, 2690, 177 L.Ed.2d 271 (2010). A limited exception to the general rule of finality is authorized by 18 U.S.C. § 3582(c)(2) in the case of a defendant who has been sentenced to a term of

imprisonment based on a sentencing range that has subsequently been lowered and made retroactive by the Sentencing Commission. Section 3582(c)(2) provides:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
>
> * * *
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

"In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted," the court is to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

In this case, the Defendant pled guilty, pursuant to a Plea Agreement, before now-retired Judge John T. Nixon, to conspiracy to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, and to intentionally kill one or more persons in furtherance of a continuing criminal enterprise. (Doc. No. 3528). At the subsequent multi-day sentencing hearing, Judge Nixon determined that the Defendant's applicable guideline range was life imprisonment, based on a Total Offense Level of 43 and a Criminal History Category I. (Doc. No. 3592). As outlined in the Presentence Investigation Report, the Defendant's offense level was ultimately based on application of Sentencing Guideline Section 2A1.1 ("First Degree

2

Murder") because the victim of the crime was killed under circumstances that would constitute murder. (Doc. No. 3605, at ¶ 67 (Section 2D1.1(d)(2) requires application of Section 2A1.1 for crimes involving first degree murder)). At the conclusion of the hearing, Judge Nixon imposed a below-guidelines sentence of 40 years of imprisonment. (Doc. Nos. 3591, 3592). The Sixth Circuit affirmed, and the Supreme Court denied the Defendant's petition for writ of certiorari. (Doc. Nos. 3769, 3810). This case was subsequently transferred to the undersigned Judge.

As discussed above, the Defendant's offense level was based on the sentencing guideline applicable to first degree murder, rather than the Drug Quantity Table in Section 2D1.1(c). Consequently, Amendment 782's two-level reduction to the Drug Quantity Table does not lower the Defendant's sentencing guideline range as the Defendant remains subject to the first degree murder sentencing guideline. Therefore, 18 U.S.C. § 3582(c)(2) does not permit a reduction in the Defendant's sentence.

To the extent the Defendant seeks a reduction of his sentence for reasons other than Amendment 782, he has not established that he falls within the narrow categories for which a district court is authorized to alter a sentence: (1) to correct a "clear error" within fourteen days after imposition of sentence, Fed.R.Crim.P. 35(a); (2) to correct a clerical error at any time, Fed.R.Crim.P. 36; (3) to grant a motion made by the Government for a reduced sentence, Fed.R.Crim.P. 35(b); (4) to correct a sentence upon remand from a higher court, 18 U.S.C. § 3742; (5) to apply a Sentencing Guideline made retroactive, or to the extent otherwise expressly permitted by statute, 18 U.S.C. § 3582(c)(1)(B), (c)(2); and (6) upon a motion by the Director of the Bureau of Prisons, 18 U.S.C. § 3582(c)(1). United States v. Penson, 526 F.3d 331(6th Cir. 2008); United States v. Robinson, 368 F.3d 653, 656-57 (6th Cir. 2004). Accordingly, the

Defendant's Motion To Reduce Sentence (Doc. No. 4111) is **DENIED**.

With regard to the Defendant's "Motion To Dismiss Indictment, Violation Of Speedy Trial, Outrageous Government Misconduct" (Doc. No. 4162), Defendant has failed to cite any authority permitting the dismissal of an indictment under the circumstances presented here – over seven years after sentencing. The Court notes that the Defendant's speedy trial claims have been extensively addressed by the Sixth Circuit in the direct appeal of this case (Doc. No. 3769), and in opinions issued in his Section 2255 proceeding (Doc. Nos. 19, 32 in Civil Case No. 3:12cv1323). Accordingly, the Defendant's Motion To Dismiss (Doc. No. 4162) is **DENIED**.

Through the Application To Have Documents Previously Filed And/Or Maintained Under Seal And In Camera Unsealed (Docket No. 4163), the Defendant requests that the Court order that certain docket entries identified in the Application be unsealed. A review of the docket indicates, however, that the referenced docket entries have not been placed under seal. Accordingly, the Defendant's Application (Docket No. 4163) is **DENIED**, as moot.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE