UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 3:98-cr-00038-13 |
| DONNELL YOUNG, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Before the Court is Donnell Young's Supplemental Motion for Compassionate Release (Doc. No. 4192). He has exhausted available administrative remedies. (Doc. No. 4192-1.) His request is based on several medical conditions that expose him to a heightened risk of serious illness should he contract COVID-19. (Doc. No. 4192 at 4–5, 8.) These conditions, as confirmed by the Bureau of Prisons medical records, include obesity, Type I diabetes mellitus, essential hypertension, and an acute kidney injury. (Doc. No. 4205-1 at 1, 86.) Additionally, he tested positive for COVID-19 on April 28, 2020, was asymptomatic, and the illness has resolved. (Id. at 89.) After considering the merits of his claim, his Motion will be denied.

A federal grand jury returned an indictment against Mr. Young and four others, charging them with 45 counts related to their participation in the "Shakir Enterprise," which was alleged to be associated with the "Rollin' 90s Crips" gang. (Doc. No. 1437.) Mr. Young was charged with: (1) conspiracy to distribute five kilograms or more of cocaine and fifty grams or more of crack cocaine, and the alleged murder of one or more persons in furtherance of a continuing criminal enterprise (Count Two); (2) conspiracy to use and carry firearms in relation to drug trafficking crimes and crimes of violence (Count Three); (3) the use and carrying of firearms during and in

relation to a conspiracy to distribute controlled substances and tampering with witnesses and informants (Count Five); (4) murder of Woody Pilcher in furtherance of a continuing criminal enterprise (Count 37); (5) murder of Mr. Pilcher with intent to obstruct justice (Count 38); (6) use and carrying of a firearm during and in relation to witness tampering by murdering Mr. Pilcher (Count 39); (7) obstruction of justice by intimidating, threatening, and assaulting co-defendants and potential witnesses before the federal grand jury (Count 42); and (8) criminal forfeiture (Count 44). (Doc. No. 1427.)

Mr. Young has been detained on these charges since January 1999. He pled guilty to Count Two, conspiracy to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, and murder of one or more persons in furtherance of a continuing criminal enterprise. (Doc. No. 3528). In 2009, he was sentenced to 40 years imprisonment. (Doc. No. 3591.)

As described in the Presentence Report ("PSR"),[1] Mr. Young was an "enforcer" in the Shakir Enterprise. (PSR ¶ 16.) He distributed drugs, (id. ¶¶ 14, 16), and engaged in several violent assaults. (Id. ¶¶ 23, 29, 31, 34–39, 49). When members of the Shakir Enterprise suspected that Woody Pilcher would cooperate with law enforcement, he was "lured" to a residence where Mr. Young and two other Shakir Enterprise members awaited his arrival. (Id. ¶¶ 43–44, 57.) There Mr. Pilcher was gagged, tied up, and stabbed in the chest. (Id. ¶ 57.) He attempted to escape but was shot in the back twice and suffered a third shot to the back of his head. (Id. ¶ 58.)

A court may grant compassionate release and "reduce the term of imprisonment . . . , after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

---

[1] The PSR is docketed at Doc. No. 3605 and will be cited as "PSR" with the paragraph number.

18 U.S.C. § 3582(c)(1)(A). "Extraordinary and compelling" circumstances may be found to exist where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 n.1(a)(ii). The applicable policy statement, found in U.S.S.G. § 1B1.13, adds the requirement that Mr. Young must not be "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).

Mr. Young presents multiple medical conditions that may increase the risk of serious illness from COVID-19: Type I diabetes mellitus, essential hypertension, obesity, and a kidney injury. Ctrs. for Disease Control and Prevention, People with Certain Medical Conditions, (updated Nov. 2, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. However, "even where an individual has medical conditions which make him vulnerable to COVID-19, the individual's danger to the community may [] outweigh any health concerns." United States v. Belle, 457 F. Supp. 3d 134, 140 (D. Conn. 2020). Here, the Court finds dispositive that Mr. Young is a danger to the safety of the community. As a matter of law, the Court cannot grant his request for compassionate release.

Mr. Young's dangerousness is considered based on the factors in 18 U.S.C. § 3142(g), which require that the Court consider: (1) "the nature and circumstances of the offense charged," (2) "the weight of the evidence against the person," (3) "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, . . . community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history," and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

### Nature and Circumstances of the offense and weight of the evidence

Mr. Young engaged in drug trafficking and physical violence as a member of a large drug trafficking enterprise. He held a prominent role in the enterprise: helping to run a drug house, distributing drugs and "enforcer" of the rules of behavior within the enterprise. (PSR ¶¶ 14, 16.)

He murdered Mr. Pilcher, who was bound, stabbed in the chest, and shot three times in the head and in the back. (Id. ¶¶ 57–58.) The prolonged assaults and murder of Mr. Pilcher were heinous. He assaulted at least six people. (Id. ¶¶ 23, 31, 34–36, 49.) Three victims were assaulted for several hours, (id. ¶¶ 29, 39, 53), and two of them were bound. (Id. ¶¶ 38, 50).

Mr. Young pled guilty and evidence of his guilt was established at his plea hearing and again in the PSR. The weight of the evidence is strong and disturbing. 18 U.S.C. § 3142(g)(2).

### History and Characteristics

Although this was his first felony offense and he was a criminal history category I, Mr. Young began engaging in this criminal behavior at the age of 18 years old when he joined the Shakir Enterprise in 1993, and continued to do so until 1999 when, at 23, he was arrested. (PSR ¶ 14.) He engaged in serious continuous criminal behavior through the Shakir Enterprise for six years. 18 U.S.C. § 3142(g)(3)(A).

After his arrest, Mr. Young threatened an inmate by using a shank to convince the inmate not to cooperate with the Government. He has at least two additional assaults while incarcerated.

His medical problems, family history, and other personal characteristics do not outweigh his long history of dangerous criminal conduct. 18 U.S.C. § 3142(g)(3).

### Nature and seriousness of danger

As the above makes clear, Mr. Young's behavior reflect that he is a serious danger to persons who interfer with his criminal behavior. He will do whatever it takes, including murder to punish others. He has no respect of the law and deterrence is not part of his vocabulary. The

4

Court does not believe 20 years of custody is enough to fulfill the sentencing laws. The Court agrees with other Courts that "have been reticent to release incarcerated persons with a history of life-threatening physical violence regardless of how long the individual has already been incarcerated." United States v. Martin, No. CR 98-178, 2020 WL 3960433, at *6 (E.D. Pa. July 13, 2020). Despite the passage of time, the Court does not believe that Mr. Young's release would maintain the safety of the community.

The nature of his danger is not only from violence, it is also from drug trafficking and directing others in drug trafficking. Both create further and independent dangers to the community if Mr. Young were released. United States v. Stone, 608 F.3d 939, 947 n.6 (6th Cir. 2010) ("drug trafficking is a serious offense that, in itself, poses a danger to the community"); United States v. Gotti, 433 F. Supp. 3d 613, 620 (S.D.N.Y. 2020) (denying compassionate release based on the danger to the community posed by a leader of a criminal organization, and finding danger to the community from a leader "is not that he will personally engage in acts of violence, but that he can command others to do so").

Accordingly, his Motion and Supplemental Motion for Compassionate Release (Doc. Nos. 4178, 4192) will be denied.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE