UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:98-cr-00038-13 |
|  | ) |  |
| DONNELL YOUNG, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Donnell Young's second motion seeking compassionate release in almost two years. (Doc. Nos. 4238). The first time, Young argued that his obesity, Type I diabetes, hypertension, and acute kidney issues placed him at increased risk for severe illness were he to contract COVID-19. (Doc. No. 4192 at 1). The Court denied his request because, even though his health conditions could make him more likely to become severely ill from the virus, the § 3553 factors disfavored any sentence reduction. (Doc. No. 4221 at 3). This time around, Young contends that, under U.S.S.G. § 1B1.13(C), he should be granted release to care for his 67-year-old mother because she suffers from "a leaking heart valve, uncontrollable diabetes, and lung disease." (Doc. No. 4238 at 2).[1]

While it is true that caring for an elderly parent may constitute a proper reason warranting compassionate release, the Court finds here that the § 3553(a) factors are dispositive of the pending motion. United States v. Jones, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (finding that to secure

---

[1] Initially, Young sought compassionate release so he could care for his father who was hit by a drunk driver and suffered from several physical ailments. (Doc. No. 4234 at 1). However, on July 14, 2022, Young notified the Court that his father passed away. (Doc. No. 4236).

1

compassionate release, a defendant must show both (1) extraordinary and compelling circumstances and (2) that the applicable § 3553(a) factors warrant release).

Young argues for release because he has served 25 years of his 40 year sentence, furthered his education, published multiple books while in custody, and identified resources for employment, spiritual guidance, family support, and education. The Court previously considered – and rejected – these same arguments when it decided Young's first motion for compassionate release. (Doc. No. 4178 at 14–15; Doc. No. 4178-1; Doc. No. 4221 at 4). The Court explained that the nature and circumstances of Young's offense of conviction were very serious. He committed "heinous" acts including the murder of Woody Pilcher, who was "bound, stabbed in the chest, and shot three times in the head and in the back." (Doc. No. 4221 at 4). He also assaulted at least six others, some of whom were likewise bound and tortured. (Id.). Such violent and dangerous behavior – like Young's – compels completion of his 40 year sentence to protect the public, to send a strong message for general deterrence and to accomplish sufficient punishment.

The Motion (Doc. No. 4238) is **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE